AO (Rev. 5/85) Criminal Complaint

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL COMPLAINT |
| vs. | CASE NUMBER: |
| JOSHUA MICHAEL HAKKEN<br>SHARYN PATRICIA HAKKEN | 8:13 MJ 1242 AEP |

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about April 3, 2013, in Hillsborough County, in the Middle District of Florida, defendant did move or travel in interstate commerce with the intent to avoid prosecution or custody or confinement, for crimes which are felonies under the laws of the State of Florida, to wit: Kidnapping (2 counts), in violation of Florida Statute (F.S.) § 787.01(1)(a)(2), Burglary with Battery (1 count) F.S. § 810.02(2)(a), False Imprisonment (1 count) F.S. § 787.02 (1)(a)(Joshua Hakken only), Grand Theft Auto (1 count) F.S § 812.014(2)(c)(6)(Joshua Hakken only), Interference with Child Custody (2 counts) F.S. § 787.03(1) and of Child Neglect (2 counts) F.S. § 827.03(2). I further state that I am a Special Agent with Federal Bureau of Investigation, and that this Complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

continued on the attached sheet and made a part hereof:  ☒ Yes   ☐ No

_____
Signature of Complainant
Byron V. Ross

Sworn to before me and subscribed in my presence,

April 5, 2013                              at         Tampa, Florida

ANTHONY E. PORCELLI
United States Magistrate Judge
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

## AFFIDAVIT

Byron V. Ross, affiant, being duly sworn, deposes and states:

1. I am a Special Agent with the Federal Bureau of Investigation, Tampa, Florida, and have been so assigned since September 2010. I have completed a number of training programs in law enforcement and criminal investigations. I have participated in numerous criminal investigations of violations of federal law. I base this affidavit upon the information provided to me by other law enforcement agents.

2. This affidavit is being submitted for the limited purpose of establishing probable cause and is made in support of a request for issuance of an arrest warrant for JOSHUA MICHAEL HAKKEN and SHARYN PATRICIA HAKKEN, in connection with their commission of the crime of flight to avoid prosecution, in violation of Title 18, United States Code, Section 1073. The facts upon which this request is based are as follows:

3. On April 3, 2013, JOSHUA MICHAEL HAKKEN was charged with two counts of kidnapping, in violation of Florida Statute (F.S.) §787.01 (1)(a)(2), one count of burglary with a battery, in violation of F.S. §810.02 (2)(a), one count of false imprisonment, in violation of F.S. §787.02 (1)(a), one count of grand theft auto, in violation of F.S. §812.014 (2)(c)(6), two counts of interference with child custody, in violation of FS 787.03 (1), and two counts of child neglect, in violation of F.S. § 827.03 (2). On the same date, SHARYN PATRICIA HAKKAN was charged with two counts of kidnapping, in violation of Florida Statute (F.S.) §787.01 (1)(a)(2), one count of burglary with a battery, in violation of F.S. §810.02 (2)(a), two counts of

interference with child custody, in violation of F.S. 787.03 (1), and two counts of child neglect, in violation of F.S. § 827.03 (2). These charges stem from allegations that the defendants, who had lost custody of their two minor sons the day before, abducted the children from the children's grandmother's residence on or about April 3, 2013.

4. On or about April 3, 2013, the Circuit/County Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, issued a warrant for the arrest of the JOSHUA MICHAEL HAKKEN for his respective charges listed in paragraph three. On or about April 5, 2013, Circuit/County Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, issued a warrant for the arrest of the SHARYN PATRICIA HAKKEN for her respective charges listed in paragraph three.

5. Law enforcement agencies have been unable to locate the defendants in the state of Florida. Interviews conducted by the Hillsborough County Sheriff's Office (HCSO) revealed that JOSHUA MICHAEL HAKKEN stated to others that he would like to travel to Gila National Forest in New Mexico as well as Nantahala National Forest in North Carolina.

6. On April 3, 2013, a search warrant was executed at JOSHUA MICHAEL HAKKEN and SHARYN PATRICIA HAKKEN's residence, 3609 South Sterling Avenue, Tampa, FL 33629. A map was recovered during the search. On the map, a thumbtack was placed at the location of Gila National Forest in New Mexico.

A map of Gila National Forest was also found in a trash bin during the search.

7. On April 4, 2013, Hillsborough County Sheriff's Office (HCSO) interviewed an individual who stated that she sold JOSHUA MICHAEL HAKKEN a boat for $3,500 on January 25, 2013. JOSHUA MICHAEL HAKKEN paid $3,000 as a down payment and still owed $500 for the boat. JOSHUA MICHAEL HAKKEN did not have a location to store the boat so the seller directed JOSHUA MICHAEL HAKKEN to one of her friends who owned a boat slip. On January 26, 2013, JOSHUA MICHAEL HAKKEN met the slip owner and paid her $400 to store his boat. JOSHUA MICHAEL HAKKEN would visit the boat once a week and load boxes of supplies into the boat's cabin. On the morning of April 3, 2013, between 7:30 a.m. and 8:30 a.m., JOSHUA MICHAEL HAKKEN and SHARYN PATRICIA HAKKEN showed up at the boat with their two boys, over whom they do not have custody. The two boys were put into the cabin of the boat. JOSHUA MICHAEL HAKKEN informed the slip owner that he needed to move his car for his brother to pick up later. JOSHUA MICHAEL HAKKEN subsequently returned and informed the slip owner that he may be heading to Key West, Florida, and possibly South America.

8. The investigation regarding these offenses has been highly publicized and there is a National Amber Alert in effect for JOSHUA MICHAEL HAKKEN and SHARYN PATRICIA HAKKEN's sons. Therefore, I submit that they are aware of the fact that they are wanted by law enforcement and are actively eluding arrest.

9. Law enforcement agencies have been unable to locate JOSHUA MICHAEL HAKKEN and SHARYN PATRICIA HAKKEN in the State of Florida. The State of Florida has advised they will extradite JOSHUA MICHAEL HAKKEN and SHARYN PATRICIA HAKKEN from another jurisdiction upon apprehension. A copy of the Prosecutor's Agreement to Extradite attached hereto as Exhibit A.

Byron V. Ross
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this 5th day of April, 2013.

ANTHONY E. PORCELLI
United States Magistrate Judge

4

# ATTACHMENT A

 

**U.S. Department of Justice**
U.S. National Central Bureau - INTERPOL
Washington, D.C. 20530
Tel: 202-616-9000; Fax: 202-616-8400

## Prosecutor's Agreement to Extradite

*Fax signed Agreement to USNCB, (202) 616-8400, with Fugitive Diffusion text or within 24 hours thereafter! Mail original to USNCB at address above. If no Fugitive Diffusion: Include signed Agreement with Red Notice Application.*

In connection with the INTERPOL - USNCB's transmission of a Fugitive Diffusion or forwarding of an application for a Red Notice for Hakken, First Name(s) Sharon Patricia, and on behalf of [prosecutor's office] State Attorney's Office, 13th Judicial Circuit   DOB 9/27/1978, I agree:

1. To provide the U.S. Department of Justice, Office of International Affairs (OIA) (phone 202/514-0000, fax 202/514-0080) with all additional information needed for provisional arrest (PA) with a view toward extradition, if this fugitive is located in a country that can provisionally arrest for the offense(s) in question, and if OIA determines that a PA request is appropriate (OIA transmits PA request when fugitive is located only if prosecutor still approves), or in non-urgent cases to prepare the documents supporting a formal request for extradition in consultation with OIA;

2. To provide a draft extradition request (prosecutor's & agent's affidavits; certified copies of charging document(s), arrest warrant(s), witness affidavit(s), other documentation as applicable treaty requires) within 10 days of fugitive's arrest or as agreed with assigned OIA attorney;

3. To pay all applicable extradition costs: e.g.: translation (if required) of complete extradition request ($204. per 1,000 words), foreign attorney's fee if required (for *state/local cases* - also prisoner transport/escort);

4. To notify the USNCB immediately in writing if:

    (a) this office is no longer willing to extradite internationally;
    (b) this office no longer seeks fugitive (e.g., fugitive arrested in U.S., case dismissed); or
    (c) the information in the Red Notice application or the contact information below changes.

5. I will approve or, if this Agreement accompanies the Red Notice Application, I have approved the Red Notice Application items for: charge(s), offense(s) of conviction, or both; citation(s) to applicable statute(s); Statement of Facts; and maximum penalty for each offense, if applicable. Agency - HCSO #13-186277; Kidnapping F.S. 787.01(1)(a)(2)- Life felony  Burglary w/Battery F.S. 810.02 (2)(a) - First degree felony punishable by life

6. I understand that the INTERPOL Secretariat General must cancel this Red Notice if the prosecutor's office does not timely revalidate the Notice upon request (usually after 5 years).

Prosecutor authorizing extradition:
Name: Rita Peters
Title: Chief, Sex Offender/Child Abuse Division
Signature: _____

24-hour office emergency contact information:
Phone: 813-267-8954   Fax: _____

Backup prosecutor (if any):

Name: _____

 

**U.S. Department of Justice**
U.S. National Central Bureau - INTERPOL
Washington, D.C. 20530
Tel: 202-616-9000; Fax: 202-616-8400

## Prosecutor's Agreement to Extradite
*Fax signed Agreement to USNCB, (202) 616-8400, with Fugitive Diffusion text or within 24 hours thereafter!*
*Mail original to USNCB at address above. If no Fugitive Diffusion: Include signed Agreement with*
*Red Notice Application.*

In connection with the INTERPOL - USNCB's transmission of a Fugitive Diffusion or forwarding of an application for a Red Notice for Hakken, First Name(s) Joshua Michael, and on behalf of [prosecutor's office] State Attorney's Office - 13th Judicial Circuit, I agree:  DOB 12/25/1977

1. To provide the U.S. Department of Justice, Office of International Affairs (OIA) (phone 202/514-0000, fax 202/514-0080) with all additional information needed for provisional arrest (PA) with a view toward extradition, if this fugitive is located in a country that can provisionally arrest for the offense(s) in question, and if OIA determines that a PA request is appropriate (OIA transmits PA request when fugitive is located only if prosecutor still approves), or in non-urgent cases to prepare the documents supporting a formal request for extradition in consultation with OIA;

2. To provide a draft extradition request (prosecutor's & agent's affidavits; certified copies of charging document(s), arrest warrant(s), witness affidavit(s), other documentation as applicable treaty requires) within 10 days of fugitive's arrest or as agreed with assigned OIA attorney;

3. To pay all applicable extradition costs: e.g.: translation (if required) of complete extradition request ($204. per 1,000 words), foreign attorney's fee if required (for *state/local cases* - also prisoner transport/escort);

4. To notify the USNCB immediately in writing if:

    (a) this office is no longer willing to extradite internationally;
    (b) this office no longer seeks fugitive (e.g., fugitive arrested in U.S., case dismissed); or
    (c) the information in the Red Notice application or the contact information below changes.

5. I will approve or, if this Agreement accompanies the Red Notice Application, I have approved the Red Notice Application items for: charge(s), offense(s) of conviction, or both; citation(s) to applicable statute(s); Statement of Facts; and maximum penalty for each offense, if applicable. Case # 13-CF-4745 Kidnapping x 2 F.S. 787.01 (Life Felony). Burg. Battery 810.02 (First degree felony, punishable by life)

6. I understand that the INTERPOL Secretariat General must cancel this Red Notice if the prosecutor's office does not timely revalidate the Notice upon request (usually after 5 years).

Prosecutor authorizing extradition:
Name: Rita Peters

Title: Chief, Sex Offender/Child Abuse Unit

Signature: ___

24-hour office emergency contact information:
Phone: 813-267-8954  Fax: ___

Backup prosecutor (if any):

Name: ___